José Ortiz, demandante y apelante, *v.* La Sucesión de Alfredo Amy, demandada y apelada.

No. 5289.—*Sometido:* Abril 28, 1930. *Resuelto:* Mayo 21, 1930.

*R. Rivera Zayas,* abogado de la peticionaria-apelada.

El Juez Asociado Señor Texidor, emitió la opinión del tribunal.

Se nos pide la reconsideración de nuestra resolución de fecha 24 de abril, 1930, porque el tribunal dejó de resolver acerca del defecto alegado consistente en que en la declara-

ción jurada no se dice cuál es el domicilio del abogado del apelante, y esto debe aparecer para que, justificándose la diferencia de domicilios de aquél y del abogado del apelado, se justifique la notificación por correo; y se dice asimismo que aunque se resuelve que la notificación puede hacerse por un agente, no resolvemos si es suficiente un *affidavit* en el que no se designa la residencia de la parte apelante o de su abogado.

El punto que se suscita es quizá demasiado técnico. Se trata de un caso en que no se niega que el abogado del apelado haya recibido la copia de la apelación, que indudablemente se recibió. La misma parte alega la radicación de la apelación, y el transcurso de 120 días desde tal acto.

Si nos ceñimos estrictamente a la lectura de la ley, el artículo 521 del Código de Enjuiciamiento Civil es así:

"La remisión por correo podrá tener lugar, cuando la persona encargada de hacer la notificación o remitir los documentos y aquella a quien fueren dirigidos residieren o tuvieren sus oficinas en distintos puntos, entre los cuales hubiere un servicio regular de comunicaciones por correo."

Se refiere la ley a la "persona encargada de hacer la notificación." Aquí lo es Pablo Ruiz, que en la declaración jurada dice:

"que entre Ponce, donde está mi residencia, y Coamo, en donde se encuentra la residencia del abogado notificado, existe un servicio regular, diario y permanente de comunicaciones por correo. . . ."

Por lo expuesto, no ha lugar a la reconsideración que se solicita.